

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Teacher Retirement System of Texas
Austin, Texas

Dear Sirs:

Attention: Mr. John S. Rudd, Jr.
Opinion No. O-3271
Re: Status and liability of Teacher
Retirement System in the matter
of a lost cashier's check.

We have received your letter of recent date requesting our opinion upon the above captioned matter. The facts as disclosed by your letter are substantially as follows:

Under date of June 7, 1941, the Teacher Retirement System received from the Corpus Christi Independent School District a cashier's check on a Corpus Christi bank representing the deductions of the members of the Teacher Retirement System employed during the month of May in the schools of Corpus Christi. The check was deposited with the State Treasury, and upon receipt of a deposit warrant covering this item you mailed a receipt to the district which read as follows: "Receipt of remittance in the amount shown below is hereby acknowledged subject to the condition that unless the cash proceeds thereof are received in due course of business, this receipt shall become null and void." Several days thereafter you were notified that the check had been lost in the mail between a Houston bank and Corpus Christi. You immediately notified the district of the loss and that the amount of the check had been charged to your account. You informed the district that credits to the individual accounts had been reversed, and asked that the district secure a duplicate cashier's check and forward it to you. The district wrote that the bank would issue a duplicate check upon your furnishing an indemnity bond. You ask our opinion as to the status and liability of the Teacher Retirement System in this matter.

We are of the opinion that the status of the Teacher Retirement System is the same as it would have

Teacher Retirement System of Texas, Page 2

been if it had received no check at all, even aside from the fact that the receipt given was conditional. A reading of the Teacher Retirement Act itself (Acts 1937, 45th Leg., R.S., C.B. 47 as amended by Acts 1941, 47th Leg., R...., H.B. 1016) convinces us that payments of deductions to the Teacher Retirement System are not completed until cash is received. If the money is not received, then no payment has been made.

Sections 7 (1) and 8 (7) (1) (b) of the original Act read in part as follows:

"(1) The State Board of Trustees shall be the trustees of the several funds as herein created by this Act, and shall have full power to invest such funds subject to the following limitations and restrictions; All retirement funds, as are received by the Treasury of the State of Texas from contributions of teacher. and employers as herein provided, may be invested " * *" (Emphasis supplied)

"(b) The treasurer or proper disbursing officer of each employer on authority from the employer shall make deductions from salaries of teachers as provided in this Act, and shall transmit monthly, or at such time as the State Board of Trustees shall designate, a certified copy of the payroll, and the amount specified to be deducted shall be paid to the Executive Secretary of the State Board of Trustees, and after making a record of all receipts, the said Board shall pay them to the Treasurer of the State of Texas " * *." (Emphasis supplied)

The wording of the above quoted provisions was unchanged by the amendments to the Act by the 47th Legislature. We are of the opinion that these provisions, as well as the rest of the Act, clearly evidence the legislative intent that a payment of contributions would not be made until and unless the actual money is received. Article 10, Revised Civil Statutes; 39 Tex. Jur. 198. Suppose the situation where a check was received by the Teacher Retirement System and deposited with the State Treasurer, but upon its presentation to the bank upon

which it was drawn it was not honored because of insufficiency of funds. Would this constitute a payment? We think not.

The interpretation which the Teacher Retirement System has placed upon the provisions of the Act is shown by the receipt, which reads as follows: "Receipt of remittance in the amount shown below is hereby acknowledged subject to the condition that unless the cash proceeds thereof are received in due course of business, this receipt shall become null and void." The fact that the Teacher Retirement System has construed the Act to mean that there would be no payment "unless the cash proceeds thereof are received" is entitled to considerable weight. 39 Tex. Jur. 235.

In view of the foregoing, it is the considered opinion of this department that under the facts submitted to us the Teacher Retirement System is in no way liable because of the loss of the cashier's check and that the status of the System is the same as if no check had been received.

Very truly yours,

ATTORNEY GENERAL OF TEXAS

APPROVED AUG 1, 1941

FIRST ASSISTANT ATTORNEY GENERAL

By Glenn R. Lewis
Assistant

By George W. Sparks

GWS:eaw


APPROVED OPINION COMMITTEE